| |
|---|
| **Beckles v City of New York** |
| 2025 NY Slip Op 31987(U) |
| June 4, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 515874/2022 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-----------------------------------------------------------------------x

JOHN BECKLES and JAMES PANZO,

                           Plaintiffs,            Index #: 515874/2022

            -against                    Decision and Order

THE CITY OF NEW YORK and PASQUALE PETRILLO,
                              Defendants
-----------------------------------------------------------------------x

                              Motion Seq. #5, #6, & #7

PRESENT: HON. LEON RUCHELSMAN

Motion #5, was brought by the defendant Pasquale Petrillo ("Petrillo"). Based on defendant's Petrillo's claim that he is no longer a party to this case, Petrillo moves for an Order: (1) pursuant to CPLR § 5015 vacating the Court's Compliance Conference Order dated September 17, 2024, which was issued on default of defendant Petrillo, and (2), scheduling a new Compliance Conference to be held between plaintiffs and defendant The City of New York (the "City") only.

Motion #6 was also brought by defendant Petrillo: (1) for an Order pursuant to CPLR § 2221 granting defendant Petrillo, permission to reargue the plaintiffs' Motion to Strike (NYSCEF motion #3) and defendant, City's Motion to Compel (NYSCEF motion #4), both of which resulted in the Order of this Court, dated September 25, 2024, and (2) upon reconsideration and reargument, reversing or modifying the said Order, dated September 25, 2024, so as to remove any directive requiring Petrillo to comply with the discovery demands made to defendant Petrillo.

Finally, Motion #7, is a motion by the defendant City for an Order: (1) pursuant to CPLR § 3124, compelling defendant Petrillo to respond to the City's discovery demands dated

[*1]

March 29, 2024; and (2) pursuant to CPLR § 3124, compelling defendant Petrillo, to appear for a deposition by a date certain.

These three motions all turn on the same basic question: under the circumstances described hereinbelow, does defendant Petrillo continue to be a party to this case, with the concomitant obligations of a party to respond to discovery demands, or is Petrillo no longer a party to this case, and not required to respond to discovery demands made to him in the mistaken belief that he is a party .

Plaintiffs, John Beckles and James Panzo, commenced this action seeking to recover money damages for alleged bodily injuries sustained by plaintiffs stemming from a motor vehicle incident involving Petrillo which allegedly occurred in December, 2021. The plaintiffs claim that Petrillo was driving a motor vehicle that allegedly injured them. The plaintiffs were employees of non-party New York City Transit Authority. The plaintiffs sued the City and Petrillo claiming that they were negligent.

Defendant Petrillo states that after the commencement of the case he settled the case with the plaintiffs in 2022: that each of the plaintiffs were paid $25,000, that in consideration of such payments each of the plaintiffs executed a Release in favor of the defendant Petrillo (NYSCEF document #117 at pages 68-69), and that plaintiffs executed a Stipulation of Discontinuance as against Petrillo (alone) (NYSCEF document #18).

Subsequently, on 9/17/2024, a Compliance Conference was held, and inasmuch as no one appeared on behalf of defendant Petrillo, an Order (NYSCEF document #105, #106) was issued on default of defendant Petrillo, and which, among other matters, required the deposition of Petrillo, as well as directing defendant Petrillo to comply with various discovery demands.

On 9/25/2024, in ruling on two motions (motions #3 and #4) an Order was made (NYSCEF document # 107), which confirmed that all parties in this case were to comply with the 9/17/2024 Compliance Conference Order.

[*2]

Defendant Petrillo argues that given that he has received the Releases and the Stipulation of Discontinuance, he should no longer be deemed a party to this case, should not be required to continue to participate in the case, and at any rate, should not be required to respond to discovery requests. Accordingly, Petrillo brought two motions [viz., #5 (for vacatur), and #6 (to renew/reargue)] seeking to be relieved of the obligations to comply with discovery demands required by the above-mentioned Orders.

Defendant Petrillo relies on the provisions of the New York Consolidated Laws, General Obligations Law GOB § 15-108, which states (in part) that:

Release or covenant not to sue

(a) Effect of release of or covenant not to sue tortfeasors. When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

(b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.

(c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.

Petrillo argues that inasmuch as he has received the plaintiffs' Releases, and plaintiffs executed a Stipulation of Discontinuance in his favor, not only is he released from any further liability to plaintiffs, but that under GOB § 15-108(b) quoted above, even his co-defendant the City, can have no claim against him either. The case has thus been discontinued as against him.

The City disagrees. The City points out that in its Answer (NYSCEF document #20) it set forth various cross-claims against defendant Petrillo, and that the Stipulation of Discontinuance signed by plaintiffs and Petrillo should not preclude the City's cross-claims against Petrillo. The City argues that under CPLR § 3217, a Stipulation of Discontinuance can

[*3]

terminate a case only if it is executed by all parties to the case, and here the Stipulation of Discontinuance was not executed by defendant City.

CPLR § 3217 provides that a case may also be discontinued against a party by a court order, but no such court order exists here, (and it would appear that prior hereto no such court order was sought by defendant Petrillo).

The City concedes that because of the Releases and the Stipulation of Discontinuance, under GOB §15-108, the City cannot seek contribution from Petrillo. However, the City argues, the said statute does not, by its language, foreclose seeking indemnification (actual or implied) from Petrillo. The City's cross-claim against co-defendant Petrillo demands "... contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied". (NYSCEF document # 20)

The case law supports the City's position on this point. Thus, e.g., the Appellate Division has stated that;

> While General Obligations Law § 15-108 provides that where, as here, one alleged tortfeasor has obtained a release in good faith from the plaintiffs, that defendant is relieved from liability to any other party for contribution (see General Obligations Law § 15-108), the law does not preclude claims based on indemnification (see Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646, 524 NE2d 413, 529 NYS2d 59 [1988])
>
> Lui v. Town of E. Hampton, 117 A.D.3d 689 (2d Dept, 2014)

Defendant Petrillo has submitted an affidavit by an attorney representing Petrillo which claims that there is no actual indemnification agreement between the City and Petrillo, and that there is also no basis for a claim that Petrillo has an implied (or common law) indemnification obligation to the City. However, the attorney's affidavit is not probative on this issue. It requires factual evidence (which may, to be sure, include affidavits) to establish that there is no actual indemnification agreement between the defendants, and that there is no relationship between the defendants (or any other basis) that would give rise to an implied indemnification claim.

[*4]

Accordingly, the Court rules that defendant Petrillo continues to be a party to this case at least to the extent that it must comply with all appropriate discovery demands.

Thus, with respect to motion #5, the Court denies defendant Petrillo's motion to vacate the discovery order, except that the defendant Petrillo's time to comply with the outstanding discovery demands contained in said 9/17/2024 Order is deemed to be extended so that Petrillo shall have sixty (60) days from the date of this Order to comply.

With respect to Motion #6, the defendant Petrillo's motion to reargue or renew, is granted, but upon such reconsideration, the Court adheres to its original decision contained in the Order dated 9/25/2024.

With respect to Motion #7, the defendant City's motion is granted to the extent that the parties shall (in good faith cooperate to) set a date certain for a deposition of the defendant Petrillo.

SO ORDERED.

ENTER.

DATED: June 4, 2025
       Brooklyn, New York

_____
Hon. Leon Ruchelsman, J.S.C.

[* 5]